UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
SUFFOLK FEDERAL CREDIT UNION,          :
                                       :
              Plaintiff,               :
                                       :
       - against -                     :   10-CV-0001-ADS-ETB
                                       :
CUMIS INSURANCE SOCIETY, INC.,         :
                                       :
              Defendant.               :
                                       :
------------------------------------- X

## DECLARATION OF JESSIE F. BEEBER

I, JESSIE F. BEEBER, hereby declare as follows:

1.  I am a shareholder of the firm Frankfurt Kurnit Klein & Selz, P.C., attorneys for plaintiff Suffolk Federal Credit Union ("Suffolk"). I submit this declaration in support of Suffolk's opposition to the Motion to Dismiss on Abstention Grounds Based upon the "First-to-File" Rule (the "Motion") submitted by defendant CUMIS Insurance Society, Inc. ("CUMIS") and in support of Suffolk's cross-motion for entry of a default judgment.

2.  I am over twenty-one years of age and am competent to, and would, testify as to the following facts. This declaration is submitted on the basis of personal knowledge, except where otherwise noted.

### CUMIS Abused the Settlement Process

3.  In this action, Suffolk seeks damages for breach of contract and a declaratory judgment that it is entitled to coverage under a fidelity bond issued by CUMIS (the "Bond") for Suffolk's losses (the "Losses") arising out of a fraud committed by a mortgage servicer it had retained.

4.  On or about February 24, 2009, Suffolk provided CUMIS with timely notice of its Losses. Attached as Exhibit A is a true and correct copy of a printout from CUMIS's website confirming Suffolk's submission of the notice of Losses.

5.  Thereafter, Suffolk and CUMIS had numerous discussions regarding the handling and potential resolution of Suffolk's claim for coverage.

6.  In or about September 2009, CUMIS and Suffolk entered into a tolling and standstill agreement (the "Tolling Agreement"). A true and correct copy of the Tolling Agreement is attached hereto as Exhibit B. Among other things, the Tolling Agreement obligated the parties "to take no further actions to pursue or adjudicate coverage for the claims asserted in the Credit Union's Notice of Loss" until the expiration of that agreement, which was December 31, 2009.

7.  On November 11, 2009, I participated in a telephone conference call with counsel for CUMIS. During the call, counsel for CUMIS stated CUMIS had not made a final determination regarding coverage, and that CUMIS remained open to discussing Suffolk's claim.

8.  The next day, on November 12, 2009, Suffolk learned for the first time (from sources other than CUMIS) that CUMIS had already filed a declaratory judgment complaint against Suffolk and numerous other credit unions in Wisconsin state court on August 31, 2009 (the "Wisconsin Action"). A true and correct copy of the Complaint in the Wisconsin Action (the "Wisconsin Complaint") is attached hereto as Exhibit C.

9.  CUMIS had not previously disclosed to Suffolk the existence of the Wisconsin Action.

10. On or about December 17, 2009, the Wisconsin Action was removed to the United States District Court for the Western District of Wisconsin by the consent of all of the defendants who had been served with the Wisconsin Complaint. A true and correct copy of the

2

Notice of Removal in the Wisconsin Action is attached hereto as Exhibit D. Suffolk had not at that time been served with the Wisconsin Complaint, and thus was not one of the consenting defendants.

11. Suffolk has filed a motion in the Wisconsin federal court to quash service of the Wisconsin Complaint as untimely and improper. A true and correct copy of the Memorandum of Law in Support of Suffolk Federal Credit Union's Motion to Dismiss Complaint, which was filed in the Wisconsin Action on January 25, 2010, is attached hereto as Exhibit E.

### CUMIS Fails to Answer the Complaint in the Instant Action

12. On January 4, 2010, Suffolk commenced the instant action by filing the Complaint in the United Stated District Court for the Eastern District of New York. A true and correct copy of the Complaint is attached hereto as Exhibit F.

13. That afternoon, Suffolk served on CUMIS a copy of the Summons and Complaint. Attached as Exhibit G is a true and correct copy of the Summons and Certificate of Service.

14. On January 21, 2010, the parties stipulated that CUMIS's time to respond to the Complaint would be extended from January 25, 2010 to February 8, 2010. Attached as Exhibit H is a true and correct copy of the stipulation, which was endorsed by the Court on January 21, 2010. At no time did Suffolk agree to further extend CUMIS's time to answer.

15. On February 8, 2010, CUMIS filed the Motion with the Court, requesting that the Court dismiss or stay the action based upon the first-to-file rule.

16. CUMIS did not serve an answer or a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) on or before February 8, 2010 and, in fact, has never served an answer or a Fed. R. Civ. P. 12(b) motion.

**Additional Exhibits**

17.     I also submit this Declaration to provide the Court a true and correct copy of CUMIS Insurance Society, Inc.'s Motion to Remand for Lack of Personal Jurisdiction, filed in the Wisconsin Action on January 20, 2010, which is attached hereto as Exhibit I.

18.     A true and correct copy of the Declaration of William J. O'Brien, filed in the Wisconsin Action on January 22, 2010, is attached hereto as Exhibit J.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       February 25, 2010

JESSIE F. BEEBER