# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUFFOLK FEDERAL CREDIT UNION, | ) CIVIL Action No. 10-CV-00001 </br> ) (ADS) (ETB) |
| Plaintiff, | ) |
| v. | ) |
| CUMIS INSURANCE SOCIETY, INC., | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR STAY ON ABSTENTION GROUNDS

Defendant CUMIS Insurance Society, Inc. ("CUMIS") submits its Reply in Support of its Motion to Dismiss or Stay on Abstention Grounds Based Upon the "First-to-File" Rule.

## I.

## **ARGUMENT**

As stated in its Motion, CUMIS requests that this Court dismiss or stay the complaint filed by plaintiff Suffolk Federal Credit Union ("Suffolk") because a parallel action, which was first filed by CUMIS, is already pending in the state of Wisconsin.[1]  There is no dispute by the parties that the Wisconsin Action was filed first.  In its opposition, Suffolk argues that the first to file rule should be disregarded in favor of maintaining the present action for a number of reasons

---

[1]  The related parallel action is styled *Cumis Insurance Society, Inc. v. TCT Federal Credit Union, et al*, Case No. 3:09-CV-00759-BBC pending before the United States District Court for the Western District of Wisconsin and removed state court Case No. 09CV4343 in the Circuit Court for Dane County in the State of Wisconsin (both the federal and removed state actions are referred to herein after as the "Wisconsin Action").

{09346}    1

including purported lack of personal jurisdiction of Suffolk in Wisconsin, convenience of the parties in litigating in New York, etc.

While CUMIS disagrees with the substance of Suffolk's contentions and arguments in its opposition, the point is moot for purposes of this parallel litigation. Suffolk must raise these arguments in the Wisconsin Action and not before this Court. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) [a motion to challenge the first-to-file rule "should be addressed to the court in the first-filed action… The court in the second-filed action is not required to duplicate this inquiry."]; *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 605 (5th Cir. 1999) [the second-filed court need not consider or resolve a challenge to jurisdiction of the first-filed court in order to enforce the first-to-file rule.]

Indeed, Suffolk <u>has raised</u> the same and duplicative arguments it has raised in its opposition to CUMIS' motion in the Wisconsin Action. Specifically, Suffolk has filed separate motions to: (1) dismiss for lack of personal jurisdiction; (2) consider Suffolk's motion to dismiss prior to CUMIS' motion to remand; and (3) grant discovery in connection with CUMIS' motion to remand. *See*, Declaration of Arthur Aizley Ex. 1, Docket Entry Nos. 67-70, 81-82, 105-107. On March 5, 2010, the Court in the Wisconsin Action stayed the motion to dismiss, denied the motion to consider Suffolk's motion to dismiss prior to CUMIS' motion to remand and has not yet ruled upon the discovery motion. *Id.* Docket Entry No. 135.

Given that the issues concerning jurisdiction are already being litigated by the parties in the first filed forum, there is no need for this Court to duplicate the work of the Court in the Wisconsin Action.[2] Abstention is appropriate in this case because it is inefficient for two federal courts in Wisconsin and New York to consider identical issues of fact and law (i.e. whether Suffolk is subject to personal jurisdiction in Wisconsin, whether the first-filed rule should be

---

[2] Plaintiff's additional arguments raised in its opposition brief, including the "balance of the convenience," all argue, in essence, that the Wisconsin Court is an inconvenient or inappropriate forum. Such arguments, like Plaintiff's jurisdiction argument, should be addressed in the Wisconsin Action. In essence, any argument standing for the proposition that the Wisconsin forum is improper should be raised there. Indeed, one of plaintiff's co-defendants in the Wisconsin Action has already filed a motion to abstain or transfer venue. *See*, Declaration of Arthur Aizley Ex. 2.

applied, etc.).  In addition, there is considerable risk of inconsistent or contradictory rulings should this Court elect to weigh in on the issue prior to the Court in the Wisconsin Action having had an opportunity to issue a ruling.  This is precisely why the first-filed court should consider jurisdictional challenges where two parallel actions are pending in two different federal courts.  *Alltrade,* 946 F.2d at 628; *Cadle,* 174 F.3d at 605.

## II.

## CONCLUSION

  WHEREFORE, for the reasons set forth herein, CUMIS requests that the Court stay or dismiss Suffolk's complaint pursuant to the first-to-file rule, or at a minimum, stay this action until the Wisconsin court has addressed the parties' pending jurisdictional motions.

Date:  March 8, 2010

        /s/  Arthur H. Aizley
        Arthur H. Aizley (AA-5049)
        SEDGWICK, DETERT, MORAN & ARNOLD, LLP
        125 Broad Street, 39th Floor
        New York, New York 10004-2400
        Telephone: (212) 422-0202
        Facsimile: (212) 422-0925
        email:     arthur.aizley@sdma.com

OF COUNSEL:      Michael R. Davisson (Bar No. 083278)
        SEDGWICK, DETERT, MORAN & ARNOLD LLP
        801 S. Figueroa Street, 19th Floor
        Los Angeles, CA 90017
        Email:     michael.davisson@sdma.com

        Attorneys for Cumis Insurance Society, Inc.