THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUFFOLK FEDERAL CREDIT UNION, | ) CIVIL Action No. 10-CV-00001 |
| | ) (ADS) (ETB) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CUMIS INSURANCE SOCIETY, INC., | ) |
| | ) |
| Defendant. | ) |

_____

**DEFENDANT CUMIS INSURANCE SOCIETY, INC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR DEFAULT JUDGMENT**

_____

Defendant CUMIS Insurance Society, Inc. ("CUMIS") hereby submits this memorandum in opposition to plaintiff Suffolk Federal Credit Union's ("Suffolk") cross-motion to enter a default judgment against CUMIS.  For the reasons stated herein Suffolk's motion should be denied.

**I.**

**PRELIMINARY STATEMENT**

In a strained attempt to avoid adjudication of this case on the merits, Suffolk seeks to win this case and avoid a trial on the merits by virtue of a two-page cross-motion for default. Suffolk's cross-motion, however, is based on a flawed and unsupported proposition of law which has been rejected by every federal Court to consider it.

1

Specifically, Suffolk argues, without citation to a single pertinent legal authority, that CUMIS's timely-filed motion to dismiss or stay based on the first-filed rule does not fall within the ambit of a Rule 12(b) motion, and that based on this alleged technical error, Suffolk should win this case by default judgment. The entire predicate for Suffolk's argument fails because CUMIS timely filed a responsive pleading to Suffolk's Complaint – a motion to dismiss or stay based on the first-filed rule, which is at heart, a challenge to venue and thus falls squarely within the scope of Rule 12(b)(3). Moreover, *every* federal court considering the very argument made by Suffolk here has concluded that even if a first-filed motion is technically not a Rule 12(b) motion, it is nonetheless a proper pre-answer motion, and that the remedy of a default judgment is not appropriate where, as here, a defendant timely files such a motion in lieu of an answer. Further, even if Suffolk's entirely unsupported argument had merit, which it does not, the remedy of a default judgment is patently inappropriate under long-established Second Circuit guidance because CUMIS acted reasonably and in good faith by timely filing what it believed to be an appropriate responsive pleading. Accordingly, Suffolk's motion for a default judgment should be denied.

## II.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

The relevant facts are simple and not disputed: CUMIS requested and obtained an extension of time to respond to Suffolk's Complaint until February 8, 2010, and timely filed a motion to Dismiss or Stay on Abstention Grounds Based Upon the First-to File Rule ("First-Filed Motion") on February 8, 2010. *See* Suffolk v. CUMIS Docket Report, Case 2:10-cv-00001-ADS-ETB, Docket Entry Nos. 6, 8.

The facts pertinent to CUMIS's First-Filed Motion – including the fact that this action duplicates a first-filed action pending in the Western District of Wisconsin – are set forth in CUMIS's First-Filed Motion. Despite its awareness that Suffolk was timely attempting to join issue, and despite the total lack of any pertinent authority supporting its application, Suffolk, in addition to filing an opposition to CUMIS's First-Filed Motion, filed a cross-motion seeking a default judgment against CUMIS. CUMIS filed a reply in further support of its First-Filed Motion on March 8, 2010, and responds to Suffolk's deeply flawed attempt to win this case through an alleged procedural error herein.

### III.

### ARGUMENT

**A.  CUMIS's First-Filed Motion is a Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue.**

Pursuant to Fed. R. Civ. P. 12(a)(4), the filing of a motion falling within the scope of Rule 12(b) stays the obligation to answer a complaint until "14 days after notice of the court's action" on the motion. Relevant here, Fed. R. Civ. P. 12(b)(3) expressly provides that a motion based on the defense of "improper venue" stays the obligation to answer. Suffolk's motion for default fails to discuss both the substance of CUMIS's fist-filed motion, Rule 12(b)(3), and indeed, any case evaluating whether a first-filed motion qualifies as a Rule 12(b) motion.

Here, CUMIS's First Filed Motion is entirely devoted to arguing that the appropriate venue for this litigation is the first-filed action pending in Wisconsin. *See, e.g.,* First-Filed Motion, at 2 (citing the "strong presumption in favor of the forum of the first-filed suit."). Accordingly, CUMIS's First-Filed Motion is in fact a Rule 12(b)(3) motion challenging venue. Indeed, "several courts have recognized a motion to stay as a Rule 12(b) Motion." *See P.S.I. Nordic Track, Inc. v. Great Tan, Inc.*, 686 F.Supp. 738, 739 (D. Minn. 1987). In *Nordic Track*,

the Court expressly held that a motion to dismiss or stay based on the first-to-file rule <u>was</u> a 12(b) Motion, stayed defendants time to answer and did not warrant a default. *Id.*

B. **The Federal Courts Have Repeatedly Held That A First-Filed Motion Stays the Obligation To Answer**

Even were a first-filed motion deemed outside the scope of Rule 12(b)(3), it is well-established that a motion to dismiss or stay based on the first-filed rule is a proper pleading, that the court has the inherent power to consider such a motion prior to the filing of an answer, and that default is not appropriate where, as here, a first-filed motion is timely filed in lieu of an answer. *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613(CW), 2007 U.S. Dist. LEXIS 13132, at *15 (N.D. Cal. Feb. 9, 2007); *Sorensen v. Head USA, Inc.*, No. 06-cv-1434 (BTM)(CAB), 2006 U.S. Dist. LEXIS 79519, at *2 (S.D. Cal. Oct. 31, 2006); *Nordic Track*, 686 F.Supp. at 739.

*Sorensen*, *Fujitsu* and *Nordic Track*, are all squarely on all fours with our facts. In all three cases, as here, the defendants timely filed a first-filed motion in lieu of an answer. *Sorensen,* 2006 LEXIS 79519 at *2-3; *Fujitsu Ltd.,* 2007 LEXIS 13132, at *16; *Nordic Track*, 686 F.Supp. at 739. In all 3 cases, as here, the plaintiff alleged that the filing of a first-filed motion was a procedural error that did not stay the defendants' obligation to answer, and filed a motion to default. *Sorensen,* 2006 LEXIS 79519 at *2-3; *Fujitsu Ltd.,* 2007 LEXIS 13132, at *16; *Nordic Track*, 686 F.Supp. at 739. All 3 cases rejected plaintiffs' motions, holding that a first-filed motion may properly be filed in lieu of an answer, and that doing so is not a basis for default.

In *Sorensen*, for example, the Court explicitly held that even though a motion to stay based on the first-filed rule may technically not qualify as a Rule 12(b)(3) motion, such motions were frequently considered by the federal courts pre-answer pursuant to their inherent power,

and are a "timely and proper filing." *Sorensen*, 2006 LEXIS 79519, at *2. Similarly, in *Fujitsu*, the Court held that even if a first-filed motion is outside the ambit of a Rule 12(b) motion, such motions are "proper" filings, and stay the obligation to answer. *Fujitsu*, 2007 Lexis 13132, at *15-16.

C. **A Default Judgment Is Unwarranted**

Even if a first-filed motion is deemed outside the scope of Rule 12(b), a default judgment is plainly unwarranted where, as here, the Defendant timely filed a pleading in the reasonable and good faith belief that it stayed the obligation to answer. Indeed, at least three federal judges have considered this precise issue, and squarely held that a default judgment is not appropriate when a first filed motion is filed in lieu of an answer. In *Sorensen*, the Court explicitly held that default judgment was not appropriate even if the defendant's first-filed motion was not a Rule 12(b) motion because, just as is the case here, the defendant was not ignoring the case and "appeared to be acting under the good-faith, but mistaken, belief that its motion to stay [based on the first-filed rule] qualified as a defense under Rule 12(b)" and any failure to timely file a responsive pleading was therefore excusable. *Sorensen*, 2006 LEXIS 79519, at *3. Similarly, in *Fujitsu*, the Court held that while a first-filed motion is not a responsive pleading under Rule 12(b), default was inappropriate because the defendant was not ignoring the lawsuit. *Fujitsu*, 2007 Lexis 13132, at *16. *Nordic Track* went further than *Fujitsu* and *Sorensen* by criticizing the plaintiff's motion for a default judgment as an attempt to "obscure the essential question of whether this action is the most appropriate arena in which [this] litigation should be waged." *Nordic Track*, 686 F.Supp. at 739.

Suffolk both ignores the only federal cases to squarely address the issue at bar (*Fujitsu Sorensen* and *Nordic Track* discussed above), and the Second Circuit's clear mandate that default

5

judgments are disfavored and appropriate only in limited circumstances.  As the Second Circuit explained in *Enron Oil*, "defaults are generally disfavored and are reserved for rare occasions" and any doubt as to whether a default is appropriate "should be resolved in favor of the defaulting party" in light of the preference for adjudication on the merits.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  The standard that *Enron* articulated, although set forth in context of a motion to vacate a default, also governs the issuance of a default.  *See Fashion Fragrance & Cosmetics v. Croddick*, No. 02-CV-6294, 2003 U.S. Dist. LEXIS 5641 (S.D.N.Y. April 8, 2003).  *Enron* articulated a three factor test:  (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.  *Enron*, 10 F.3d at 96.  At the same time, *Enron* made clear that these factors are not exclusive, and that "other relevant equitable factors may also be considered" such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result."  *Id.*

    Here, the analysis mandated by *Enron* is straightforward.  First, CUMIS's conduct was plainly not willful.  Indeed, CUMIS obtained an extension of time to respond to the Complaint to February 8, 2010, and timely filed its first-filed motion on that date, clearly demonstrating its intent to timely respond to the complaint.  If CUMIS's belief that a first-filed motion qualified as a Rule 12(b) motion was erroneous – a proposition as to which Suffolk cites no authority whatsoever – then such mistake was made in good faith.  *Sorensen* 2006 LEXIS 79519 at *3; *Fujitsu Ltd.,* 2007 LEXIS 13132, at *16; *Nordic Track*, 686 F.Supp. at 739.  CUMIS's conduct is the very antithesis of the type of willful failure to appropriately respond to a complaint, such as occurred in *U.S. v. Brow*, 267 Fed. App'x 96 (2d Cir. 2008), inappropriately relied on by Suffolk here.  In *Brow*, the plaintiff's motion for default was granted after the defendant answered the

6

complaint five months late and then failed to cure material deficiencies with the pleadings for seven months following specific direction to do by the District Court.

Second, denying the requested default judgment would not prejudice Suffolk in any way because even if CUMIS had filed an answer, a first-filed motion would still be proper and require consideration. Moreover, Suffolk is already litigating this dispute in the first-filed venue located in the Western District of Wisconsin.

Third, CUMIS has meritorious defenses which CUMIS has already articulated in the first-filed Wisconsin action. *See* Aizley Declaration ("Aizley Dec.") Exhibit A, Wisconsin Action Complaint ¶¶ 55-64, attached to the Declaration of Arthur H. Aizley. While the presence of meritorious defenses is a factor to be considered in the default analysis, the "test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron*, 10 F.3d at 98. Moreover, because default judgments "are generally disfavored," the meritorious defense factor "should be construed generously." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167-68 (2d Cir. 2004). Here, as demonstrated in CUMIS's complaint in the Wisconsin action, the fidelity bond issued to Suffolk, by virtue of its terms, limitations and exclusions, does not cover Suffolk's alleged losses. *See* Aizley Dec., Exhibit A., ¶¶ 1; 46; 55-64.

Accordingly, this Court should reach the same conclusion reach in *Sorensen, Fujitsu* and *Nordic Track* and conclude that even if a first-filed motion is technically not a Rule 12(b) motion, a timely first-filed motion is an appropriate and good faith response to a complaint, and not a proper basis for default.

## IV.

## **CONCLUSION**

As detailed above, CUMIS timely filed a motion to dismiss or stay based on the first-filed rule in response to Suffolk's Complaint, and such motion was an appropriate filing staying CUMIS's obligation to answer pursuant to Rule 12(b)(3) or the Court's inherent power to consider such motions. Moreover, as every federal Court faced with this precise question has indicated, the filing of a first-filed motion in lieu of an answer is not a proper basis for entry of default. Accordingly, CUMIS requests that the Court deny Suffolk's motion to enter a default judgment.

Date: March 15, 2010

/s/ Arthur H. Aizley
Arthur H. Aizley (AA-5049)
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
email:      arthur.aizley@sdma.com

OF COUNSEL:

Michael R. Davisson (Bar No. 083278)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017
Email:      michael.davisson@sdma.com

Attorneys for CUMIS Insurance Society, Inc.