```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SUFFOLK FEDERAL CREDIT UNION,           :
                                        :
                     Plaintiff,         :
                                        :
         - against -                    :   10-CV-0001-ADS-ETB
                                        :
CUMIS INSURANCE SOCIETY, INC.,          :
                                        :
                     Defendant.         :
                                        :
----------------------------------------X
```

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR DEFAULT JUDGMENT

Plaintiff Suffolk Federal Credit Union ("Suffolk") hereby submits this reply memorandum of law in further support of its Cross-Motion for Default Judgment (the "Cross-Motion"). For the reasons stated below, the Cross-Motion should be granted.

### PRELIMINARY STATEMENT

CUMIS Insurance Society, Inc. ("CUMIS") has failed to set forth any valid basis to deny the Cross-Motion. CUMIS argues that its Motion to Dismiss or Stay on Abstention Grounds (the "Motion to Dismiss" or "Opp. Mem."), which was based solely on the first-to-file rule, was effectively a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and thus tolled its time to answer. Opp. Mem. at 3-4. However, CUMIS's motion was no such thing. CUMIS has not and cannot contend that Suffolk filed in an *improper* venue. Suffolk is both headquartered and based exclusively within the Eastern District of New York and all of its losses occurred here. The only "venue" aspect of this motion is the first-to-file rule, and the very cases CUMIS cites hold that such a motion is not a 12(b)(3) motion. Thus, CUMIS cannot contend properly that its motion was a Rule 12(b) motion.

CUMIS also claims that this Court should deny the Cross-Motion because other courts have denied motions for default judgments where the defendant filed a motion based on the first-to-file rule instead of an answer. Opp. Mem. at 4-7 (citing cases). However, none of those cases involved a defendant who, for strategic advantage, decided not to file an answer and instead relied upon the first-to-file rule while simultaneously seeking to remand the allegedly first-filed action to state court for lack of federal subject matter jurisdiction. The remand motion has now been granted and so there is no longer a federal action pending in Wisconsin. Finally, CUMIS asks the Court to consider factors such as whether the default was willful, whether prejudice will arise and whether CUMIS's defenses are meritorious. Those factors involve setting aside a default, not an award of default for failure to answer, and, in any event, CUMIS cannot establish that those factors favor their position. In light of these facts, this Court should not excuse CUMIS's failure to answer and should enter a default.

## STATEMENT OF FACTS

### CUMIS Fails to Answer the Complaint

On January 4, 2010, Suffolk commenced the instant action by filing the Complaint and serving a copy of the Summons and Complaint upon CUMIS. Declaration of Jessie F. Beeber, dated February 25, 2010 ("Beeber Decl.") (Dkt. #13) ¶¶ 12-13 & Exs. F-G. By this action, Suffolk seeks damages for breach of contract and a declaratory judgment that it is entitled to coverage under a fidelity bond issued by CUMIS for Suffolk's losses arising out of a fraud committed by a mortgage servicer it had retained. Beeber Decl. ¶ 3.

On January 21, 2010, the parties stipulated that CUMIS's time to respond to the Complaint would be extended from January 25, 2010 to February 8, 2010. *Id.* ¶ 14 & Ex. H. At no time did Suffolk agree to further extend CUMIS's time to answer. *Id.* ¶ 14.

On February 8, 2010, CUMIS filed the Motion to Dismiss with the Court, requesting that the Court dismiss or stay the action based upon the first-to-file rule. *Id.* ¶ 15.

CUMIS did not serve an answer or a motion to dismiss pursuant to Rule 12(b) on or before February 8, 2010 and, in fact, has never served an answer or a Rule 12(b) motion. *Id.* ¶ 16.

### The Wisconsin Action

On August 31, 2009, CUMIS filed a declaratory judgment complaint against Suffolk and numerous other credit unions in Wisconsin state court on August 31, 2009 (the "Wisconsin Action"). *Id.* ¶ 8 & Ex. C. On or about December 17, 2009, the Wisconsin Action was removed to the United States District Court for the Western District of Wisconsin by the consent of all of the defendants who had been served with the complaint in the Wisconsin Action. *Id.* ¶ 10 & Ex. D.

On January 20, 2010, CUMIS filed a motion to remand the Wisconsin Action to state court for lack of subject matter jurisdiction. Beeber Decl., Ex. I. By Order dated March 22, 2010, and per the parties' stipulation, the United States District Court for the Western District of Wisconsin (Hon. Barbara B. Crabb) remanded CUMIS's Complaint to the Dane County Circuit Court for the State of Wisconsin. Declaration of Amelia K. Seewann ("Seewann Decl."), Ex. A. Accordingly, there is no other "first-filed" federal action pending in Wisconsin.

### ARGUMENT

### I. CUMIS'S MOTION IS NOT A RULE 12(B)(3) MOTION

CUMIS claims that it did not have to answer Suffolk's Complaint because its Motion to Dismiss was a Rule 12(b)(3) motion and thus its time to answer was tolled under Rule 12(a)(4). Opp. Mem. at 3. As shown below, that claim is incorrect.

3

Rule 12(b)(3) provides that a defendant may make a pre-answer motion to dismiss a complaint on the grounds that the plaintiff brought the action in an improper venue. Fed. R. Civ. P. 12(b)(3). CUMIS has not (and cannot) assert that this District is an improper venue for this lawsuit, *i.e.*, CUMIS has not (and cannot) claim that the requirements of the general venue statute, 28 U.S.C. § 1391, are not satisfied.

The only support CUMIS cites on this point is *P.S.I. Nordic Track, Inc. v. Great Tan, Inc.*, 686 F. Supp. 738 (D. Minn. 1987) ("*Nordic Track*"). *See* Opp. Mem. at 4. CUMIS claims that the court in *Nordic Track* "expressly held that a motion to dismiss or stay based on the first-to-file rule <u>was</u> a 12(b) Motion." *Id.* at 3-4. However, that case did not so hold – indeed, it did not even involve a motion based on the first-to-file rule; rather, it involved a request by the defendant in the first-filed action to stay that action in favor of a second-filed action on the basis of a priority given to certain suits in patent litigation. *P.S.I. Nordic Track, Inc.*, 686 F. Supp. at 739. Thus, *Nordic Track* is inapposite.

Moreover, the other cases CUMIS cited in its opposition papers (Opp. Mem. at 4) actually belie its claim that the Motion to Dismiss was a Rule 12(b)(3) motion. Those cases held that "motions under the first-to-file rule are generally considered to be outside the ambit of the Rule 12(b) motions that suffice as responsive pleadings." *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613, 2007 WL 484789, at *5 (N.D. Cal. Feb. 9, 2007) ("*Fujitsu*"); *Sorenson v. Head USA, Inc.*, No. 06-CV-1434, 2006 U.S. Dist. LEXIS 79518, at *2 (S.D. Cal. Oct. 31, 2006) ("*Sorenson*") (same). Thus, CUMIS's argument that the Motion to Dismiss was a Rule 12(b) motion that stayed its obligation to answer the Complaint is erroneous.

## II. THE COURT SHOULD ENTER A DEFAULT JUDGMENT AGAINST CUMIS

CUMIS next argues that, even if its motion were outside the scope of Rule 12, the Court should still deny Suffolk's motion for entry of a default. Opp. Mem. at 4. CUMIS argues that

4

other courts have, in their discretion, denied such relief where defendants filed motions under the first-to-file rule in lieu of an answer, and thus this Court follow suit and deny the Cross-Motion. *Id.* (citing *Nordic Track, Fujitsu* and *Sorrenson*). However, those cases presented completely different factual scenarios than the present case. None of those cases involved a defendant who, like CUMIS, sought to dismiss an action based solely on the existence of a purportedly "first-filed" federal action *after* the defendant moved to remand the "first-filed" action to state court for lack of federal subject matter jurisdiction. *See* Declaration of Beeber Decl. (Dkt. #13) ¶ 17 & Ex. I. Simply put, CUMIS has attempted to avoid litigating the merits of this case by asking the Court to defer to the United States District Court for the Western District of Wisconsin while simultaneously, and now successfully, arguing that the Wisconsin Federal Court dismiss the "first-filed" action. Under these facts, *Nordic Track, Fujitsu* and *Sorrenson* are completely inapplicable.

CUMIS claims that the Court cannot grant a default judgment unless it applies the test set forth by the Second Circuit in cases involving motions to set aside defaults: whether the default was willful, whether setting aside the default would prejudice the non-defaulting party and whether the defendant presented a meritorious defense. Opp. Mem. at 6-7 (citing cases). Since the Court is not considering a motion to set aside a default judgment, that analysis should not apply.

Even were the Court to consider those factors, they do not favor CUMIS. Though CUMIS claims that a default judgment is not appropriate absent willfulness (Opp. Mem. at 6-7), as shown by the precedent CUMIS cites, failure to answer for "strategic reasons or to gain some tactical advantage has been held to constitute grounds for default judgment." *Fashion Fragrance & Cosmetics v. Croddick*, No. 02-CV-6294, 2007 WL 1824638, at *2 (S.D.N.Y. Apr. 8, 2003). Here, CUMIS clearly sought to avoid or delay litigating the instant case on the merits in order to

5

secure home court advantage in Wisconsin. CUMIS's argument that Suffolk is not prejudiced is also mistaken – as discussed above, CUMIS's motion was improper *ab initio* and Suffolk has suffered prejudice by CUMIS's delay and by having to respond to CUMIS's motion. Moreover, contrary to CUMIS's assertion (Opp. Mem. at 7), the parties are not litigating the Wisconsin Action in the Western District of Wisconsin – by order dated March 22, 2010 and per the parties' stipulation, the District Court (Hon. Barbara B. Crabb) remanded that case to Wisconsin state court. *See* Seewann Decl., Ex. A. Finally, CUMIS cannot show that it has a meritorious defense to Suffolk's claims by merely citing to allegations contained in its Complaint. Given these facts, CUMIS cannot show that a default judgment is inappropriate; thus, the Court should enter a default for CUMIS's failure to timely file an answer. *See U.S. v. Brow*, No. 06 Civ. 2610, 2008 WL 542496, at *1 (2d Cir. Feb. 29, 2008) (entering default judgment for defendant's failure to file an answer).

## CONCLUSION

For the foregoing reasons, Suffolk respectfully requests that the Court grant Suffolk's Cross-Motion for Default Judgment and enter a default judgment against CUMIS and in favor of Suffolk, and grant such other and further relief as the Court deems proper.

Dated: New York, New York
       March 25, 2010

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
    Patrick J. Boyle
    Jessie F. Beeber
    Amelia K. Seewann
    Jeremy S. Goldman

488 Madison Avenue
New York, New York  10022
Tel.:  (212) 980-0120
Facsimile:  (212) 593-9175
Email:  pboyle@fkks.com
        jbeeber@fkks.com
        aseewann@fkks.com
        jgoldman@fkks.com

*Attorneys for Plaintiff*
*Suffolk Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: New York, New York
March 25, 2010

*Amelia See*

Amelia K. Seewann
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, New York  10022
Telephone:  (212) 980-0120
Facsimile:  (212) 593-9175
Email:  aseewann@fkks.com

*Attorney for Plaintiff*
*Suffolk Federal Credit Union*