UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
SUFFOLK FEDERAL CREDIT UNION,

              Plaintiff,             10-CV-0001-ADS-ETB

       - against -

                                           **DECLARATION OF**
CUMIS INSURANCE SOCIETY, INC.,     **JESSIE F. BEEBER**

             Defendant.

------------------------------------- X

I, JESSIE F. BEEBER, hereby declare as follows:

1.    I am a shareholder of the firm Frankfurt Kurnit Klein & Selz, P.C., attorneys for plaintiff Suffolk Federal Credit Union ("Suffolk"). I submit this declaration in support of Suffolk's opposition to the Motion to Dismiss or Stay on Abstention Grounds submitted by defendant CUMIS Insurance Society, Inc. ("CUMIS").

2.    I am over twenty-one years of age and am competent to, and would, testify as to the following facts. This declaration is submitted on the basis of personal knowledge, except where otherwise noted.

**Procedural History of This Action and the Wisconsin Action**

3.    In this action, Suffolk seeks damages for breach of contract and a declaratory judgment that it is entitled to coverage under a fidelity bond issued by CUMIS for Suffolk's losses (the "Losses") arising out of a fraud committed by CU National Mortgage, LLC ("CU National")/ U.S. Mortgage Corporation ("USM"), a mortgage servicer it had retained.

4.    On or about February 24, 2009, Suffolk provided CUMIS with timely notice of its Losses.

5. Thereafter, Suffolk and CUMIS had numerous discussions regarding the handling and potential resolution of Suffolk's claim for coverage.

6. In or about September 2009, CUMIS and Suffolk entered into a tolling and standstill agreement (the "Tolling Agreement"). A true and correct copy of the Tolling Agreement is attached hereto as Exhibit A. Among other things, the Tolling Agreement obligated the parties "to take no further actions to pursue or adjudicate coverage for the claims asserted in the Credit Union's Notice of Loss" until the expiration of that agreement, which was December 31, 2009.

7. On November 11, 2009, I participated in a telephone conference call with counsel for CUMIS. During the call, counsel for CUMIS stated that CUMIS had not made a final determination regarding coverage, and that CUMIS remained open to discussing Suffolk's claim.

8. The next day, on November 12, 2009, Suffolk learned for the first time (from sources other than CUMIS) that CUMIS had already filed a declaratory judgment complaint against Suffolk and numerous other credit unions in Wisconsin state court on August 31, 2009 (the "Wisconsin Action"). A true and correct copy of the Complaint in the Wisconsin Action (the "Wisconsin Complaint") is attached hereto as Exhibit B.

9. CUMIS had not previously disclosed to Suffolk the existence of the Wisconsin Action.

10. On or about December 17, 2009, the Wisconsin Action was removed to the United States District Court for the Western District of Wisconsin by the consent of all of the defendants who had been served with the Wisconsin Complaint. A true and correct copy of the Notice of Removal in the Wisconsin Action is attached hereto as Exhibit C. Suffolk had not at that time been served with the Wisconsin Complaint, and thus was not one of the consenting defendants.

11. On January 4, 2010, Suffolk commenced the instant action by filing the Complaint in the United Stated District Court for the Eastern District of New York. A true and correct copy of the Complaint is attached hereto as Exhibit D.

12. On January 20, 2010, CUMIS filed a motion in the Wisconsin Action to remand the case for lack of subject matter jurisdiction. A true and correct copy of CUMIS Insurance Society, Inc.'s Motion to Remand is attached hereto as Exhibit E.

13. On January 25, 2010, Suffolk filed a motion in the Wisconsin Action to dismiss the Wisconsin Complaint on the grounds of untimeliness of service and for lack of personal jurisdiction. True and correct copies of the Memorandum of Law in Support of Suffolk Federal Credit Union's Motion to Dismiss Complaint and the supporting Declaration of William J. O'Brien (with exhibits) are attached hereto respectively as Exhibits F and G.

14. With the exception of three credit unions that CUMIS voluntarily dismissed from the Wisconsin Action, each of the credit union defendants in the Wisconsin Action filed motions to dismiss the Wisconsin Complaint for lack of personal jurisdiction.

15. On February 8, 2010, CUMIS filed a motion to dismiss with this Court, requesting that this Court dismiss or stay the action based upon the first-to-file rule.

16. On March 22, 2010, based on a stipulation of the parties, the United States District Court for the Western District of Wisconsin remanded the Wisconsin Action to the Dane County Circuit Court of the State of Wisconsin. A true and correct copy of the Order of remand is attached hereto as Exhibit H. In light of the remand, the basis for CUMIS's first-to-file motion was no longer valid and, on April 1, 2010, this Court denied CUMIS's first-to-file motion without prejudice and with leave to renew. A true and correct copy of this Court's April 1, 2010 Order is attached hereto as Exhibit I.

17. On April 9, 2010, Suffolk re-filed its motion to dismiss the Wisconsin Action with the Dane County Circuit Court. A true and correct copy of the Memorandum of Law in Support of Defendant Suffolk Federal Credit Union's Motion to Dismiss the Complaint and the supporting Affidavit of William J. O'Brien (without exhibits) are attached hereto respectively as Exhibits J and K.

18. By letter dated April 14, 2010, the Wisconsin court set a status and scheduling conference for May 3, 2010 to set a briefing and discovery schedule for the resolution of the pending motions to dismiss in the Wisconsin Action. A copy of the Wisconsin court's April 14, 2010 letter is attached hereto as Exhibit L.

19. On April 20, 2010, CUMIS requested that the court in the Wisconsin Action delay the status and scheduling conference pending mediation with other defendants. A true and correct copy of CUMIS's letter request is attached hereto as Exhibit M.

20. On April 27, 2010, Suffolk submitted a letter requesting that the court in the Wisconsin Action deny CUMIS's request. A true and correct copy of that letter is attached hereto as Exhibit N.

21. On April 29, 2010, the court in the Wisconsin Action granted CUMIS's request for an adjournment of the status and scheduling conference. The Wisconsin court subsequently scheduled the conference for May 12, 2010. CUMIS has neither filed a response to Suffolk's motion to dismiss nor does it have any deadline by which it must do so.

22. On April 27, 2010, the parties to this action conducted a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The parties have negotiated a joint discovery plan and a stipulation and protective order, which the parties plan to submit to the Court by no later than May 11, 2010. The parties also plan to serve initial disclosures on May 11, 2010.

23. On May 10, 2010, I learned that, upon information and belief, the mediation CUMIS held with the vast majority of the credit unions has most likely resulted in a settlement between CUMIS and fifteen of the credit unions.

**Other Actions**

24. In addition to Suffolk, other defendant credit unions in the Wisconsin Action have filed actions against CUMIS. These actions include:

    (a) *Sperry Assocs. Federal Credit Union v. CUMIS Ins. Society, Inc.*, No. 10-CV-0029, which is pending in the United States District Court for the District of New Jersey;

    (b) *TCT Federal Credit Union v. CUMIS Ins. Society, Inc.*, No. 10-CV-00150, which is pending in the United States District Court for the Northern District of New York; and

    (c) *Educational Sys. Federal Credit Union v. CUMIS Ins. Society, Inc.*, 09-CV-03217, which is pending in the United States District Court for the District of Maryland.

**Additional Exhibit**

25. Attached as Exhibit O is a true and correct copy of the Report of Examiner for U.S. Mortgage Corporation and CU National Mortgage, LLC, dated October 23, 2009 and submitted in the USM bankruptcy proceeding by Examiner Anthony P. Calascibetta.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: New York, New York
May 10, 2010

JESSIE F. BEEBER

5