UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
SUFFOLK FEDERAL CREDIT UNION,

                      Plaintiff,          Case No. 10-CV-00001 (ADS) (ETB)

    -against-           **STIPULATION AND PROTECTIVE ORDER**

CUMIS INSURANCE SOCIETY, INC.,        <u>FILED ELECTRONICALLY</u>

                    Defendant.
-----------------------------------------------------------------X

        WHEREAS plaintiff Suffolk Federal Credit Union ("Suffolk") and defendant CUMIS Insurance Society, Inc. ("CUMIS") acknowledge that some of the documents and materials to be produced in this litigation or to be obtained from third-parties may contain or reflect confidential, proprietary and/or trade secret information and/or other private information that potentially will be detrimental to the business interests of Suffolk and CUMIS and their respective related and/or interested non-parties, this Stipulation and Protective Order ("Order") is being entered into in order to facilitate discovery and to avoid the necessity of motions and proceedings related to discovery among the parties and to protect the parties from waiver of confidentiality or prejudice in this action or future litigation. The parties hereby agree as follows:

        1.    Whenever a party hereto believes in good faith that the information or materials being disclosed reflect confidential, proprietary and/or trade secret information and/or other private information, that party may designate such information or materials as confidential by marking the page or pages where such confidential information or material is contained "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" prior to disclosure or by other written communication expressly designating the information or material as confidential (such information and materials hereinafter referred to as "confidential information").

2.      When confidential information is incorporated in a transcript of a deposition, hearing, or other proceeding, counsel designating the information as confidential information shall have fourteen (14) days, or such other time as the parties may agree in writing, after receipt of such transcript to designate, in writing, the pages thereof to be treated as confidential information in accordance with the terms of this Stipulation and Protective order. Until such a 14-day period has expired, the entire deposition transcript shall be treated as confidential information.

3.      To the extent information and materials are produced by third-parties in this action, such third-parties may designate such information and materials as confidential information, or the parties may designate such information and materials as confidential information, on behalf of themselves and/or related and/or interested non-parties. Counsel for the parties designating the information or material as confidential information shall have fourteen (14) days, or such other time as the parties may agree in writing, after receipt of such information or material to designate, in writing, the portions thereof to be treated as confidential information in accordance with the terms of this Stipulation and Protective Order. Until such a 14-day period has expired, the entire third-party production shall be treated as confidential information.

4.      Confidential information shall be used solely for the preparation and litigation of the above-captioned action, and may be given, shown, made available, discussed or otherwise communicated in any way only to the following:

      A.   to the attorneys for the parties in this litigation and employees of such attorneys;

      B.   to the principals, employees, and agents of the parties (including in-house attorneys) who have responsibility for or are involved in the preparation, litigation and/or trial of this action and to persons or entities to whom the parties have contractual, statutory or regulatory obligation to report as necessary;

C. to any person of whom testimony is taken or is to be taken in this litigation, and only to the extent necessary for such testimony. Each witness given access to confidential information shall be advised that the documents, material or information are being disclosed pursuant to and subject to the terms of this Stipulation and Protective Order and reasonable efforts shall be undertaken to obtain the agreement of the witness to abide by the terms of this Stipulation and Protective Order, as set forth in Exhibit "A;"

D. to any person who is retained as an independent expert witness or non-testifying consultant for a party, but solely for the purpose of assisting in the preparation for trial or discovery, or for testifying at deposition or trial in this action, and who shall agree in writing to abide by the terms of this Stipulation and Protective Order, as set forth in Exhibit "A;"

E. to court reporters and their staffs;

F. to professional photocopying and document management vendors to whom disclosure is necessary in this action, provided that they agree in writing to abide by the terms of this Stipulation and Protective Order, as set forth in Exhibit "A;" and

G. to this Court, Court officials, any special master, referee, or mediator or arbitrator appointed by the Court, or any mediator or arbitrator agreed upon by the parties.

5. The parties may further disclose confidential information provided during the course of this litigation if the designating party expressly consents to such disclosure either in writing, on the record of any proceedings in this action, or if the Court specifically orders such disclosure.

6. Nothing herein shall restrict the use of confidential information by the parties in connection with litigating this action or any appeals therefrom, including but not limited to its use in depositions, in support of motion practice, in the trial of this litigation, or during the course of any other judicial hearing, and confidential information shall not lose its confidential status by such use.

7. Except for outside counsel (and its employees) and in-house counsel, any person given access to confidential information shall be advised that the documents, material or information are being disclosed pursuant to and subject to the terms of this stipulation and protective order and may not be disclosed other than pursuant to this agreement. Each party will make reasonable efforts

to obtain the non-lawyer's agreement, in writing as set forth in Exhibit "A." to abide by the stipulation and protective order.

8. The inadvertent or unintentional disclosure by the producing party of confidential information, including by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, whether as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The producing party will notify the other parties within fourteen (14) days of the date of the inadvertent disclosure that confidential information had been inadvertently or unintentionally disclosed. Any such inadvertently or unintentionally disclosed confidential information shall be treated as confidential information. The producing party may seek the return of the inadvertently or unintentionally disclosed confidential information in order to redact the confidential information and/or designate the document as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" consistent with paragraph 1 above.

9. In the event a party believes that material designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" does not contain confidential information, or disputes any request by a party to return inadvertently or unintentionally disclosed information to be redacted and/or designated confidential, that party will notify the disclosing party and request a "meet and confer" to try to resolve the issues amicably. To the extent the parties cannot resolve the issues relating to the disclosure, the party may move the Court for an order contesting the designation of the documents or information as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." The burden of proving that the documents or information are protected by this Stipulation and Protective Order shall remain with the party claiming and asserting the confidential status. The documents shall retain confidential status at least until the Court has ruled upon the motion.

10. Upon conclusion of the above-captioned action, including any appeals, all materials constituting or containing confidential information, and all copies thereof, shall be destroyed by the parties or returned to the designating party if the designating party so requires.

11. Nothing in this Stipulation and Protective Order shall be deemed to be construed as an admission that any confidential information is relevant or otherwise admissible in evidence. The parties expressly reserve all objections as to the relevance and admissibility of confidential information at trial. Nothing in this Stipulation and Protective Order shall abrogate or diminish any contractual, statutory, or other legal obligation or right with respect to any confidential information produced in this action.

12. Nothing in this Stipulation and Protective Order shall prevent any party from applying to this Court for a modification of this Stipulation and Protective Order should the moving party believe the Stipulation and Protective Order, as originally entered, is hampering its efforts to prepare for trial or from applying to this Court for further or additional protective orders. Nothing in this Stipulation and Protective Order shall prevent the parties from agreeing to any modification of this Stipulation and Protective Order. In the event any confidential information is filed with the Court, any party may move to seal such confidential information in accordance with any applicable rule of this Court.

13. Nothing in this Stipulation and Protective Order shall require a party to produce privileged information or shall constitute a waiver of any privilege. Inadvertent production of material subject to the attorney-client privilege, work product immunity or other applicable privilege or immunity shall not constitute waiver of any privilege or immunity provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced material shall be returned to the producing party upon request. No use shall be made of such material during deposition or at trial, nor shall such material be shown to

anyone who has not already been given access to it subsequent to the request for its return. If the parties are unable to reach agreement in good faith within fourteen (14) days of such notice as to the disposition of such material, the producing party may seek relief from the Court. The receiving party shall not disclose material for which a claim of privilege or immunity is made pursuant to this paragraph to any person, other than those persons who have had it in their possession prior to receipt of the notice from the producing party, until the expiration of the 14-day period identified in this paragraph or, if application is made to the Court, until disposition of that application, including appeals.

14. This Stipulation and Protective Order shall survive the termination of this litigation as to confidential information, including any appeals.

Dated: New York, New York
       May 11, 2010

_____
Arthur H. Aizley (AA -7049)
Edward J. Kirk (EK-1627)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
*Attorneys for Defendant*
**CUMIS INSURANCE SOCIETY, INC.**
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Email:   arthur.aizley@sdma.com
         edward.kirk@sdma.com

OF COUNSEL:

Michael R. Davisson (Bar No. 083278)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017
Email: michael.davisson@sdma.com

Attorneys for CUMIS Insurance Society, Inc.

*Amelia Soe* (signature)

Patrick J. Boyle
Jessie F. Beeber
Amelia K. Seewann
Jeremy S. Goldman
FRANKFURT KURNIT KLEIN & SELZ, P.C.
*Attorneys for Plaintiff*
**SUFFOLK FEDERAL CREDIT UNION**
488 Madison Avenue
New York, New York 10022
Telephone: (212) 593-0120
Facsimile: (212) 593-9175
Email:    pboyle@fkks.com
          jbeeber@fkks.com
          aseewann@fkks.com
          jgoldman@fkks.com

SO ORDERED this ____ day of _____, 2010.

_____

## EXHIBIT A

### UNDERSTANDING AND AGREEMENT CONCERNING THE STIPULATION AND PROTECTIVE ORDER

I have received and read a copy of the Stipulation and Protective Order with respect to the action captioned *SUFFOLK FEDERAL CREDIT UNION v. CUMIS INSURANCE SOCIETY, INC.*, Case No.: 10-CV-00001 (ADS) (ETB) in the United States District Court, Eastern District of New York. I understand the terms of that Stipulation and Order and agree to be bound by its terms.

Dated: _____

_____
[signature]

_____
[print name]

_____

_____
[address]