125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400

**Sedgwick**
DETERT, MORAN & ARNOLD LLP

www.sdma.com   212.422.0202 *phone*   212.422.0925 *fax*

*Arthur Aizley*
*212-898-5051*
*arthur.aizley@sdma.com*

October 15, 2010

*Via ECF*
Honorable E. Thomas Boyle
U.S. District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722-4438

Re:   *Suffolk Federal Credit Union v. CUMIS Insurance Society, Inc.*
      Civil Case No.: 2:10-CV-00001 (ADS) (ETB)

Honorable Judge Boyle:

We write this letter on behalf of our client, CUMIS Insurance Society, Inc. ("CUMIS"), in opposition to Suffolk Credit Union's ("Suffolk") letter motion requesting that this Court order CUMIS to produce information relating to reinsurance for Suffolk's insurance claims.

**Introduction.**

As you are aware, Suffolk filed this declaratory relief and breach of contract lawsuit claiming that CUMIS has failed to pay monies due under the applicable CUMIS fidelity bond for the losses sustained as the result of the wrongful acts of CU National Mortgage, LLC ("CU National"), an outside company with whom Suffolk conducted business. Specifically, Suffolk claims that it suffered losses when CU National transferred title to Suffolk-owned mortgages to CU National's parent corporation, US Mortgage Corporation, which in turn sold the mortgages on the secondary market and failed to remit the proceeds from those sales to Suffolk.

During discovery, Suffolk demanded reinsurance information from CUMIS. However, as reinsurance obtained by CUMIS is irrelevant to the claims and defenses of the parties, CUMIS has objected to its production. In response, Suffolk brought the instant letter motion seeking an order from this Court compelling its production.

**Legal Argument.**

While Suffolk claims that CUMIS is required to produce reinsurance information pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), several courts have held that reinsurance information is *not* discoverable. See, *Royal Bahamian Association, Inc. v QBE Insurance Corporation*, 2010 WL 3448180 (S.D. Fla.); also, *Leski v Federal Insurance Company*, 129 F.R.D. 99 (D. N.J. 1989).

Honorable E. Thomas Boyle
Re: Suffolk Federal Credit Union v. CUMIS Insurance Society, Inc.
 Civil Case No.: 2:10-CV-00001 (ADS) (ETB)
October 15, 2010
Page 2

Significantly, the two New York state courts that have addressed the issue have both found that reinsurance is not discoverable in coverage lawsuits. In *Karta Industries, Inc. v Insurance Company of the State of Pennsylvania*, 258 A.S.2d 375 (Supr. Ct. N.Y. 1999), the New York appellate court held that reinsurance is irrelevant in an action by an insured against its insurer for policy benefits and thus upheld the lower court's denial of a motion to compel reinsurance information. Following the court's decision in *Karta*, the court in *Republic Asset Management, LLC v Royal Surplus Lines Insurance Company*, 2006 WL 4758749 (Supr. Ct. N.Y. 2006) likewise held that reinsurance information was irrelevant and need not be produced.

The New Jersey district court's holding in *Leski v Federal Insurance Company* ("*Leski*"), supra, is also instructive. In *Leski*, an insured brought a declaratory relief action against its insurers asserting that the insurers owed a duty to defend and indemnify Leski in several lawsuits brought in state and federal court. During discovery, Leski sought reinsurance information which the insurers refused to produce as irrelevant. In ruling on Leski's subsequent motion to compel, the New Jersey district court found that the relevance of reinsurance information was tenuous, at best, and refused to compel its production. *Leski v Federal Insurance Company*, supra, 129 F.R.D. 99,106. It noted that,"[Reinsurance] is a decision based on business considerations and not questions of policy interpretation." *Id.* Therefore, the court held that reinsurance information was not discoverable, except under the very limited situation where the insurance policy is lost and the reinsurance information would be useful to "reassemble the terms of the original contract." *Id.*

Suffolk cites to only one case within this circuit, *Stonewall Insurance Company v National Gypsum Company* ("*Stonewall*"), 1988 WL 96159 (S.D.N.Y. 1988), in which a court has held that reinsurance information is discoverable. However, *Stonewall* is of little precedence. While the *Stonewall* court—in an unpublished opinion-- did hold that reinsurance was discoverable, it did so by primarily relying on a summary order found in a slip opinion from a district court ruling in 1984. *Stonewall Insurance Company v National Gympsum Company*, supra, 1988 WL 96159 * 5, citing *Maryland Casualty v W.R. Grace & Co.*, No. 83-7451, slip op. (S.D.N.Y. March 4, 1985). Also, unlike the present case, in *Stonewall*, the insured argued that the reinsurance information was relevant as it might relate to the insurer's understanding of the risk it underwrote and whether the policy provided coverage for the claims. *Stonewall*, supra, 1988 WL 96159 at *5. Neither of these issues is present here.

Instead, Suffolk argues that the reinsurance information is relevant to whether "CUMIS has access to sufficient funds to satisfy a judgment" given the multitude of claims arising out of CU National's fraud. However, while Suffolk is correct that over twenty credit unions have sought coverage from CUMIS for losses sustained as a result of CU National's actions, in fact, CUMIS has already settled with 17 of those credit unions and thus there are only 3 cases remaining. CUMIS' ability to satisfy any potential judgment is not an issue.

Honorable E. Thomas Boyle
Re:  Suffolk Federal Credit Union v. CUMIS Insurance Society, Inc.
     Civil Case No.: 2:10-CV-00001 (ADS) (ETB)
October 15, 2010
Page 3

## Conclusion.

In sum, as reinsurance is irrelevant to any of the claims or defenses present in the current lawsuit (and is based on nothing more than "business considerations" by CUMIS), CUMIS prays that this court follow the lead of the courts in *Leski*, *Karta* and *Republic Asset Management* and deny Suffolk's Motion to Compel.

Respectfully Submitted,

Arthur H. Aizley
Sedgwick, Detert, Moran & Arnold LLP


cc:  Amelia Seewan, Esq. (via ECF and Electronic Mail)

NY/603911v1