UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUFFOLK FEDERAL CREDIT UNION,

                       Plaintiff(s),                        <u>MEMORANDUM</u>
                                                                                      <u>OPINION AND ORDER</u>

  -against-                                                        CV 10-0001 (ADS)(ETB)

CUMIS INSURANCE SOCIETY, INC.,

                       Defendant(s).
------------------------------------------------------------------------X

Before the Court is plaintiff's letter motion to compel the production of certain reinsurance information from the defendant. Defendant objects to the production of the requested information on the grounds that, <u>inter</u> <u>alia</u>, it is not relevant. For the following reasons, plaintiff's motion to compel is granted.

<u>FACTS</u>

The plaintiff, Suffolk Federal Credit Union ("SFCU"), commenced this action seeking declaratory relief and damages for breach of contract, alleging that the defendant, CUMIS Insurance Society, Inc. ("CUMIS"), has failed to pay monies due under a fidelity bond it issued for certain losses sustained by SFCU as the result of the wrongful acts of CU National Mortgage, LLC, an outside company with whom SFCU conducted business. During discovery, SFCU served upon CUMIS its First Set of Interrogatories, which included Interrogatory No. 8, which requested as follows:

> Does CUMIS have any facultative or treaty reinsurance which could
> indemnify CUMIS and/or Suffolk for any of the Losses under the

Bond? If the answer is yes, identify those reinsurers."

(Pl. Letter Mot. dated Oct. 8, 2010, Ex. A, Interrogatory No. 8.) CUMIS objected to the interrogatory request on the grounds that it is "overly broad, unduly burdensome, [and] seeks information not relevant to any claim or defense asserted by either party." (Pl. Letter Mot., Ex. B at 4.) SFCU now seeks to compel the production of the information requested in Interrogatory No. 8 on the grounds that it is indeed relevant to its claims and is not overbroad or unduly burdensome.

DISCUSSION

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) provides that, as part of initial disclosures, a party "must, without awaiting a discovery request, provide to the other parties . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv).[1] "As a number of courts have held, reinsurance agreements fit within the plain language of this rule when the primary insurer is named as a party." Imperial Trading Co., Inc. v. Travelers Property Cas. Co., No. 06-4262, 2009 U.S. Dist. LEXIS 41372, at *6 (E.D. La. May 5, 2009) (collecting cases); see also United States Fire Ins. Co. v. Bunge N. Am., Inc., 244 F.R.D. 638, 642 (D. Kan. 2007) (stating that "because reinsurers 'carry[] on an insurance business' and 'may be liable . . . to indemnify [insurers] for payments

---

[1] The Advisory Committee's Notes to the 1993 Amendments to this rule state that the initial disclosures serve to provide parties with certain "basic information," including the existence of insurance, which "is needed in most cases to prepare for trial or to make an informed decision about settlement." Fed. R. Civ. P. 26 1993 advisory committee's note.

made to satisfy the judgment,' reinsurance agreements fall within the plain language of the rule")
(quoting National Union Fire Ins. Co. v. Continental Illinois Corp., 116 F.R.D. 78, 84 (N.D. Ill.
1987)). Moreover, "[t]he rule is absolute . . . and does not require any showing of relevance."
United States Fire Ins., 244 F.R.D. at 641 (citation omitted).

Although there is a split among courts as to whether insurance information, and more
specifically, reinsurance information, is relevant discovery, the Advisory Committee's Notes to
the 1970 Amendments to Rule 26 at "subdivision (b)(2)" specifically state that the amendment
resolves the issue "in favor of disclosure." Fed. R. Civ. P. 26 1970 advisory committee's note
"subdivision (b)(2)" (predecessor to the current provision 26(a)(1)(A)(iv)). According to the
Advisory Committee, "[d]isclosure of insurance coverage will enable counsel for both sides to
make the same realistic appraisal of the case, so that settlement and litigation strategy are based
on knowledge and not speculation." Id. "Disclosure is required when the insurer 'may be liable'
on part or all of the judgment." Id.

Although case law is sparse within the Second Circuit, the few cases to consider the issue
have determined that reinsurance information is indeed discoverable. See, e.g., Stonewall Ins.
Co. v. National Gypsum Co., No. 86 Civ. 9671, 1988 WL 96159, at *5 (S.D.N.Y. Sept. 6, 1988)
(ordering production of reinsurance information); Maryland Cas. v. W.R. Grace & Co., No. 83-
7451, slip op. (S.D.N.Y. Mar. 4, 1985) (same). Accordingly, "to the extent that [CUMIS] is
party to any agreement that obligates a reinsurer 'to satisfy all or part of a possible judgment
[against CUMIS] in the action or to indemnify or reimburse [CUMIS] for payments made to
satisfy the judgment,' [CUMIS] must produce that agreement." Imperial Trading Co., 2009 U.S.
Dist. LEXIS 41372, at *6.

Based on the foregoing, plaintiff's motion to compel is granted. CUMIS is directed to provide the plaintiff with the information requested in Interrogatory No. 8 within ten (10) days of the date of this Order.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel the production of certain reinsurance information sought in Interrogatory No. 8 of its First Set of Interrogatories is granted. Defendant is directed to provide the plaintiff with the requested information within ten (10) days of the date of this Order.

**SO ORDERED:**

Dated: Central Islip, New York
October 19, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge