# FRANKFURT KURNIT KLEIN & SELZ pc

488 Madison Avenue<br>
New York, New York 10022<br>
Telephone:   (212) 980-0120<br>
Facsimile:    (212) 593-9175<br>
<br>
Amelia K. Seewann<br>
Direct dial:   (212) 826-5574<br>
e-mail:   aseewann@fkks.com

October 22, 2010

**BY ECF**
The Honorable Magistrate Judge E. Thomas Boyle
United States District Court
One Hundred Federal Plaza
Central Islip, New York 11722

   Re: *Suffolk Federal Credit Union v. CUMIS Insurance Society, Inc.*
      10-CV-00001 (E.D.N.Y.) (ADS-ETB)

Dear Judge Boyle:

  We write this letter on behalf of our client, plaintiff Suffolk Federal Credit Union ("Suffolk"). For the reasons below, Suffolk respectfully requests that the Court hold a Court conference to enable the parties to resolve a discovery dispute concerning two competing draft stipulations regarding the interpretation of Credit Union Bond No. 001740–18 (the "Bond") and the admissibility of extrinsic evidence concerning the Bond.

  On June 11, 2010, Suffolk served its first sets of documents requests and interrogatories, as well as a Fed. R. Civ. P. 30(b)(6) notice of deposition (the "Rule 30(b)(6) Notice") on defendant CUMIS Insurance Society, Inc. ("CUMIS"). *See* Exhibits A-C, attached. Those discovery requests sought, *inter alia*, documents and information concerning the drafting and language of the Bond, including the coverages, definitions and exclusions at issue in this action. *See* Ex. A (Document Request Nos. 7-10); Ex. B (Interrogatory Nos. 2-4); Ex. C (Deposition Topics 8-11).

  On July 19, 2010, CUMIS served its responses and objections to the document requests and the interrogatories, as well as an e-mail in response to the Rule 30(b)(6) Notice. *See* Exhibits D-F, attached. CUMIS objected to producing any documents or information in response to these discovery requests on the grounds that discovery concerning the drafting and the language of the Bond is irrelevant because neither party is contending that the Bond is unclear or ambiguous in any way. *Id.*

  On August 12, 2010, counsel for the parties conducted by telephone a meet and confer pursuant to Local Civ. R. 37.3(a) regarding, *inter alia*, CUMIS's response to these discovery requests. A copy of the undersigned's August 17, 2010 letter memorializing the meet and confer is attached hereto as Exhibit G. During the meet and confer, I suggested that the parties stipulate that the language of the Bond is clear and unambiguous and that the parties will not seek to introduce any extrinsic evidence concerning the language of the Bond. Subsequently,

FRANKFURT KURNIT KLEIN & SELZ pc

Hon. E. Thomas Boyle
October 22, 2010
Page 2

CUMIS's counsel informed me that CUMIS was interested in the stipulation and invited me to send a draft stipulation for their consideration.

On August 18, 2010, I sent counsel for CUMIS a draft stipulation, which is attached hereto as Exhibit H. The draft stipulation: (i) stated that "the language of the Bond is clear and unambiguous and the plain language of the Bond is controlling;" (ii) provided that "[e]ach party agrees that it will not seek to introduce in this action, including without limitation on summary judgment, at trial or on any appeal, any extrinsic evidence offered to aid in the interpretation of the Bond, including without limitation to contradict or to explain the terms of the Bond;" (iii) provided that the stipulation resolved the parties' discovery dispute concerning Suffolk's discovery demands; and (iv) provided that the stipulation would remain in effect throughout the pendency of the action and through any and all appeals. *Id.*

On September 13, 2010, the parties appeared before Your Honor for a Status Conference. At that Status Conference, counsel for CUMIS informed the Court that they would provide us with their comments to our draft stipulation by no later than September 27, 2010. Attached as Exhibit I is a letter from me to counsel for CUMIS following up on this representation. Having received no response from CUMIS's counsel, on September 29, 2010, I sent a letter to counsel for CUMIS regarding CUMIS's failure to provide comments to the stipulation. *See* Exhibit J, attached.

On October 6, 2010, counsel for CUMIS finally sent us a revised stipulation. *See* Exhibit K. CUMIS's revision kept the provision that the "language of the Bond is clear and unambiguous and the plain meaning of the Bond is controlling," but removed all of the other key portions of Suffolk's draft. *Id.*

Suffolk submits that CUMIS's draft stipulation is unacceptable because it does not preclude the use of extrinsic evidence concerning the Bond throughout the pendency of this case. As discussed above, Suffolk suggested this stipulation in order to resolve a discovery dispute: Suffolk would agree to withdraw its request for discovery concerning the drafting and language of the Bond provided that CUMIS would agree not to seek to introduce any extrinsic evidence to aid in the interpretation of the Bond, including without limitation to contradict or explain the terms of the Bond. Were CUMIS's stipulation to control, CUMIS could later argue (at trial, *e.g.*) that the stipulation does not prohibit it from introducing such extrinsic evidence, even though Suffolk did not receive its requested discovery on this subject. If CUMIS is unwilling to stipulate that such extrinsic evidence concerning the Bond is inadmissible, then Suffolk is entitled to the discovery it seeks concerning the drafting and language of the Bond so that it is not blindsided at trial or on appeal.

Since we received the revised stipulation from CUMIS's counsel, we have advised them of our concerns and have suggested a conference call in the hopes of resolving this dispute.

FRANKFURT KURNIT KLEIN & SELZ pc

Hon. E. Thomas Boyle
October 22, 2010
Page 3

Since we did not receive a timely response from them, we informed them that we would seek appropriate relief from the Court.

Accordingly, we respectfully request that this Court schedule a conference at the Court's convenience to help the parties resolve this dispute.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*Amelia See*

Amelia K. Seewann

cc: Arthur Aizley, Esq. (by ECF notification and e-mail)
Valerie Rojas, Esq. (by e-mail)