

ATTORNEYS AT LAW

801 SOUTH FIGUEROA STREET, 19TH FLOOR   LOS ANGELES, CA   90017-5556

www.sedgwicklaw.com   213.426.6900 *phone*   213.426.6921 *fax*

*Arthur.Aizley@sedgwicklaw.com*
*Valerie.Rojas@sedgwicklaw.com*

July 25, 2011

<u>Via Electronic Filing</u>
Magistrate Judge E. Thomas Boyle
United States District Court
100 Federal Plaza
Central Islip, New York 11722


    RE:       *Suffolk Federal Credit Union vs. CUMIS Ins. Society, Inc.,*
                *Case No. 10-CV-00001-ADS-ETB*

Dear Magistrate Judge Boyle:

Defendant CUMIS Insurance Society, Inc. ("CUMIS") writes to compel Suffolk's full and proper response to CUMIS' interrogatories, set one and two.

**1. Introduction & Relevant Facts**

      Defendant CUMIS Insurance Society, Inc. (hereinafter referred to as "Defendant" and or "CUMIS" seeks to compel Suffolk Federal Credit Union's (hereinafter referred to as "Plaintiff" and/or "Suffolk") responses to interrogatories because in its responses Suffolk improperly refers to its production of documents (although the burden of responding to the subject interrogatories is less for Suffolk than CUMIS), and fails to identify any documents by reference or bates number, leaving CUMIS to guess which documents Suffolk is referring to. In this action, Suffolk claims CUMIS breached the terms of a Credit Union Bond (the "Bond") issued to Suffolk by CUMIS when CUMIS refused to pay for losses Suffolk claims resulted from the unauthorized sale of Suffolk's loans by CU National, Inc. ("CU National"). The purpose of the discovery at issue is to determine Suffolk's alleged loss, understand the ordinary course of dealing between CU National and US Mortgage, Inc. ("US Mortgage") and identify evidence that should have alerted Suffolk to a potential problem with respect to the sale of loans before it alleges it discovered the fraud. Attached as Exhibit A, please find the interrogatories, responses and brief reasons why the responses are insufficient for the Court's review.

      CU National provided loan production services for numerous credit unions, including Suffolk. Specifically, CU National originated, processed, underwrote, and serviced mortgage loans on behalf of Suffolk. If Suffolk wanted to sell a loan on the secondary market, CU National's parent company, US Mortgage Corporation ("US Mortgage") would sell the loan to Fannie Mae on behalf of Suffolk (CU National did not have a contract to sell loans to Fannie Mae). Suffolk contends that Michael McGrath, Jr. ("McGrath"), the owner of CU National and its parent company, US Mortgage Corporation ("US Mortgage"), sold 189 loans CU National was servicing for Suffolk to the Federal National Mortgage Association ("Fannie Mae") without Suffolk's knowledge or authority (and without sending the money

Magistrate Judge E. Thomas Boyle
RE: *Suffolk Federal Credit Union vs. CUMIS Insurance Society, Inc.*
    Case No. 10-CV-00001-ADS-ETB
July 25, 2011
Page 2

from those sales to Suffolk). Accordingly, Suffolk contends that its loss is covered under the CUMIS Bond. CUMIS contends that that there is no covered loss because CU National/US Mortgage was not acting as a servicer when the fraud occurred and because Suffolk knew or should have known of the alleged fraud before the Bond incepted, barring Suffolk's claim under the terms of the bond.

## 2. Suffolk Improperly Responded to Interrogatories by Reference to Documents

Interrogatories 4, 11, 13, 16, 17, and 19 seek basic information regarding the loans at issue. However, rather than responding to the interrogatories by providing the information, Suffolk responded by reference to documents without specifying the bates numbers of the documents it was referencing. Under FRCP 33(d) a party may not respond to an interrogatory by referring to documents if the burden of deriving or ascertaining the answer will be substantially the same for either party. *Convermat Corp. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2743696, *6 (E.D.N.Y. 2007). A party may not refer to documents if "the answers [the requesting party] seeks are not apparent from the documents and the burden of obtaining what information can be gleaned is not equal." *E&J Gallo Winery v. Cantine Rallo, S.p.A.*, 2006 WL 3251830 (E.D. Cal. 2006). Only "if the burden of deriving or ascertaining the answer will be substantially the same for either party" may the responding party answer an interrogatory by referring to documents. *Id.* Furthermore, when referencing documents the responding party must still "[specify] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and particularly when a voluminous production is made interrogatory responses must include indices or references that clearly identify the specific documents the responding party relies on for its response. *See, O'Connor v. Boeing N. America, Inc.*, 185 F.R.D. 272, 278 (E.D. Cal. 1999); *Robbins & Meyers, Inc. v. J.M. Huber Corp.*, 2003 WL 21384304, *5 (W.D.N.Y. 2003); *State of Colorado v. Schmidt-Tiago Construction Co.*, 108 F.R.D. 731, 735 (D. Col. 1985); FRCP 33, 1980 Notes ("[The responding party has] occasionally responded by directing the interrogating party to a mass of business records or by offering to make all their records available…[s]uch practices are an abuse of [FRCP 33(d)].").

Suffolk's response to CUMIS' interrogatories by reference to documents is therefore insufficient because the information sought is far more readily available to Suffolk than to CUMIS. Basic loan information fundamental to Suffolk's business as a credit union is presumably readily available to them. CUMIS, on the other hand, lacks the extensive experience and familiarity with the documents and processes utilized by Suffolk that Suffolk. Since the burden to obtain the information is lower for Suffolk and CUMIS Suffolk may not respond by reference to documents, but rather must provide the information. *Convermat,* 2007 WL 2743696 at *6. Furthermore, even if the burden to ascertain the information were to be equal, Suffolk's general reference to "documents sufficient to show such payments," or particular types of documents in a production of nearly one million pages is not allowed under FRCP 33(d). Suffolk's reference in that case must be specific and not to a wide universe of documents without indices to guide the requesting party to the relevant information. *Id.*, *Convermat,* 2007 WL 2743696 at *6. Suffolk's responses are therefore inadequate under FRCP 33(d) and force CUMIS to speculate as to which documents in the nearly 1 million page production Suffolk is relying upon and where they are located. This is an abuse of the discovery process and the court is well within its rights to compel Suffolk to provide a proper response to CUMIS' interrogatories. *Id.*

Magistrate Judge E. Thomas Boyle
RE: *Suffolk Federal Credit Union vs. CUMIS Insurance Society, Inc.*
　　Case No. 10-CV-00001-ADS-ETB
July 25, 2011
Page 3

### 3. CUMIS is Entitled to Discover Relevant Information

Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence" whether admissible or not. *Id.* Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Accordingly, CUMIS' discovery addresses the central issues of the case, seeking information on the payments for Suffolk's loans serviced by CU National, the date and amount received for sales of Suffolk loans by FNMA and information related to the authorization of particular loans, such as whether the loan was a "stated income loan" in order to establish the amount of Suffolk's loss and payments which offset Suffolk's alleged loss, and whether there were patterns of behavior which should have alerted Suffolk to the fraud before the Bond incepted. Consequently, the discovery seeks information directly relevant to the central issues in the case and is permissible under FRCP 26.

### 4. The Term "Stated Income Loan" is not "Vague and Ambiguous"

In its response to interrogatory 18 Suffolk objects that the phrase "stated income loan" is "vague and ambiguous." When construing an interrogatory parties should apply necessary and reasonable definitions to the terms and make reasonable inferences where appropriate. *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996). However, the term is not "vague and ambiguous" as Suffolk has used it in communications with CU National. For example, in the email exchange located at SFCU_EDNY 0024179 an officer of Suffolk explicitly tells a CU National employee that Suffolk will sell any "stated income loans." As this demonstrates, "stated income" is not a vague and ambiguous term, but rather a well defined term in the mortgage and finance industry that Suffolk staff used with full understanding of what it meant.

### 5. Conclusion

In conclusion, CUMIS respectfully requests that the court compel Suffolk to fully and properly respond to the interrogatories discussed above and in Exhibit A.

Respectfully Submitted,

/s/Arthur Aizley

Arthur Aizley
Valerie D. Rojas
Sedgwick, LLP

VDR:KU

Cc:  Counsel of Record by Electronic Filing

LA/1039807v1