# FRANKFURT KURNIT KLEIN & SELZ PC

488 Madison Avenue
New York, New York 10022
Telephone:  (212) 980-0120
Facsimile:    (212) 593-9175

Patrick J. Boyle
Direct dial:   (212) 826-5582
e-mail:    pboyle@fkks.com

July 29, 2011

**BY ECF**

The Honorable Magistrate Judge E. Thomas Boyle
United States District Court
One Hundred Federal Plaza
Central Islip, New York 11722

      Re:   *Suffolk Federal Credit Union v. CUMIS Insurance Society, Inc.*
            10-CV-00001 (ADS-ETB)

Dear Magistrate Judge Boyle:

      We represent plaintiff Suffolk Federal Credit Union ("Suffolk") and write in response to the letter motion (the "Letter Motion") filed by defendant CUMIS Insurance Society, Inc. ("CUMIS") on July 25, 2011 with respect to Suffolk's answers to certain interrogatories. The Letter Motion, which was filed on the eve of the August 1, 2011 deadline for the completion of fact discovery, and after the vast majority of depositions already have been taken on the issues raised in CUMIS's letter, mainly seeks to compel Suffolk to identify specific documents concerning *authorized* loan sales, *not* concerning the 189 loans owned by Suffolk that were misappropriated by Suffolk's mortgage servicer, the outstanding principal of which Suffolk seeks to recover from CUMIS in this insurance coverage case. The Letter Motion should be denied because the requested relief is burdensome and Suffolk already complied by producing documents pursuant to Federal Rule of Civil Procedure 33(d)(2) (made available business records because burden of deriving such information was substantially the same for either party), and moreover is contrary to the parties' specific agreement to provide such data pursuant to a protocol whereby Suffolk produced documents that contained electronic search terms without human review subject to Suffolk's ability to claw back any privileged documents.

      Now, just as Suffolk predicted in its letter to the Court dated February 25, 2011, CUMIS seeks to shift the burden back to Suffolk to do the work necessary to build CUMIS's purported defenses, though such documents and information have no relevance to Suffolk's claim in this action, and indeed support no valid coverage defense under the applicable insurance policy. CUMIS's application to the Court is itself a breach of the parties' agreement with respect to discovery in this case. A copy of Suffolk's February 25, 2011 letter is annexed hereto as Exhibit A. The correspondence attached to that letter evidences the parties' agreement to limit discovery as discussed above.

**FRANKFURT KURNIT KLEIN & SELZ** PC

The Honorable Magistrate Judge E. Thomas Boyle
July 29, 2011
Page 2

Additionally, the timing of the Letter Motion, complaining of interrogatory responses served many months ago, begs the question why these complaints were not brought to the Court's attention well before the August 1, 2011 fact discovery deadline is immediately upon the parties. Moreover, Suffolk believes most of the issues raised by CUMIS have been mooted by the many party and non-party depositions taken in this action over the last month.

Finally, the complaints contained in the Letter Motion and its ten-page Exhibit A far exceed the three-page limit for such letter motions set forth in the Court's Individual Rules. Suffolk cannot possibly respond to all of the issues raised by CUMIS in this limited response. Accordingly, Suffolk hereby requests a Court conference to discuss the items raised by the parties. Such a conference would also be helpful to discuss the few items of discovery the parties have agreed may proceed after the fact discovery deadline and to establish an expert disclosure schedule, which now appears necessary to Suffolk. (At the time of the last conference, the parties were not certain if experts would be required.)

If the Court is not inclined to schedule a conference, Suffolk respectfully requests that CUMIS be required to proceed with a formal motion to compel, so that Suffolk may make a thorough motion for a protective order, now that the parties' agreement as relates to the document discovery has been disregarded by CUMIS. If that agreement had not been reached to simplify the production of documents related to hundreds of loans *authorized* for sale (*i.e.*, not a part of Suffolk's case), then Suffolk surely would have made a motion for a protective order months ago. CUMIS should not be permitted to deny Suffolk the opportunity to address why the discovery requested is burdensome, why the burden of deriving such information is just as burdensome for Suffolk as it is for CUMIS and, finally, why the information is wholly irrelevant to the claims and legitimate coverage defenses in this case.

If the Court does schedule a conference, Suffolk would also like to address two discovery issues relevant to CUMIS's responses, and these issues will be subject to a separate motion to compel. *First*, without valid objection, CUMIS has refused to produce the deposition transcripts taken in the other cases it is litigating against similarly-situated credit unions, including the transcript of the deposition of Michael J. McGrath, Jr. (the principal of Suffolk's former mortgage servicer), whom CUMIS deposed in a federal corrections facility in Florida on June 29, 2011. Suffolk is entitled to a copy of that transcript, as well as all other transcripts from the other cases based on CUMIS's denial of identical claims based on identical credit union bonds.

*Second*, Suffolk learned yesterday in a deposition of a CUMIS claims manager in Wisconsin that CUMIS does indeed have a bond underwriting manual, bond claims guidelines and has notes of meetings held at semi-monthly "roundtable" claims meetings, at which the CU National claims were apparently discussed. Such documents have never been provided by CUMIS.

**FRANKFURT KURNIT KLEIN & SELZ** PC

The Honorable Magistrate Judge E. Thomas Boyle
July 29, 2011
Page 3

   For these reasons, Suffolk respectfully requests a conference to discuss all of these outstanding issues. We thank the Court for its consideration.

                   Respectfully submitted,

                   Patrick J. Boyle

cc:  All Counsel of Record (BY ECF)