FRANKFURT KURNIT KLEIN & SELZ PC

488 Madison Avenue
New York, New York 10022
Telephone:  (212) 980-0120
Facsimile:  (212) 593-9175

Patrick J. Boyle
Direct dial:  (212) 826-5582
e-mail:  pboyle@fkks.com

August 3, 2011

**BY ECF**

The Honorable Magistrate Judge E. Thomas Boyle
United States District Court for the
 Eastern District of New York
One Hundred Federal Plaza
Central Islip, New York 11722

Re:  *Suffolk Federal Credit Union v. CUMIS Insurance Society, Inc.*
 10-CV-00001 (ADS-ETB)

Dear Magistrate Judge Boyle:

    We represent plaintiff Suffolk Federal Credit Union ("Suffolk") and write this letter motion with respect to the responses of defendant CUMIS Insurance Society, Inc. ("CUMIS") to Suffolk's First Request for Production, Requests Nos. 2, 3, 4 and 6 (attached as Exhibit A), Third Request for Production, Request Nos. 1 and 7 (attached as Exhibit B), Fourth Request for Production, Request Nos. 1, 2 and 3 (attached as Exhibit C), Fifth Request for Production, Request Nos. 1 and 2 (attached as Exhibit D), and Sixth Request for Production, Request Nos. 1, 2, 3 and 4 (attached as Exhibit E). Each of these enumerated requests has been met with improper objections (attached separately with each Request), has been the subject of meet and confer attempts, and indeed this motion was addressed in our letter to the Court dated July 29, 2011. This motion follows, first, depositions last week where we learned that there has been incomplete production from CUMIS and, second, our receipt of blatantly improper objections to Suffolk's Fifth Request for Production on August 1, 2011, the date of the fact discovery deadline.

    With respect to Suffolk's First Request for Production, Suffolk requested documents which concern the claim, CU National Mortgage LLC ("CU National," the servicing contractor at the heart of this case), the loss Suffolk sustained or CUMIS's investigation of same. A claims file and underwriting file was produced, which on its face might have been complete, but it was not until depositions last week in Wisconsin that Suffolk's counsel first learned of the incomplete nature of CUMIS's response. For ease of reference, every request in Suffolk's Sixth Request for Production, dated July 29, 2011 (Exhibit E) was narrowly tailored to request the documents learned of last week at depositions in Wisconsin, at which CUMIS's former claims manager Tanya Brown testified about the existence of a Credit Union Bond underwriting manual, credit union bond claims guidelines and notes that were kept at round table meetings at which claims

FRANKFURT KURNIT KLEIN & SELZ pc

The Honorable Magistrate Judge E. Thomas Boyle
August 3, 2011
Page 2

were discussed. While those documents could only have been specifically identified following that deposition, it is also clear they were generally requested through Suffolk's First Request for Production, Request Nos. 1 through 6, which were served in June 2010, as well as Suffolk's Third Request For Production, Request No. 1 (training documents), which was served in March 2011. No documents of the type described by Ms. Brown have ever been produced to Suffolk. We respectfully ask this Court to order the production of all such documents.

Moreover, without valid objection, CUMIS has refused to produce affidavits or deposition transcripts from the other cases it is litigating against similarly-situated credit unions, including the transcript of the deposition of Michael J. McGrath, Jr. (the principal of CU National), whom CUMIS deposed in a federal corrections facility in Florida on June 29, 2011. Those requests were made in Suffolk's Fourth and Fifth Requests for Production. *See* Exs. C and D. Those requests were perfectly clear and mercifully short. The Fourth Request contains only three requests and the Fifth Request contains only two requests, both about Mr. McGrath and CU National. Despite the absence of any valid basis to object, CUMIS, on August 1, 2011, objected on the grounds of "confidential, trade secret and/or proprietary information" and the work product doctrine. CUMIS also objected on the ground of relevance and on the basis that the request was untimely. The Fifth Request certainly was timely because it was served inside the period for fact discovery (on June 29, 2011), and the response was served (and was due) on August 1, 2011, which was itself the fact discovery deadline. Suffolk is entitled to sworn testimony from CUMIS witnesses in the other credit union cases, and is entitled to Mr. McGrath's deposition testimony, and any testimony of any other former CU National personnel, taken by CUMIS in the other credit union cases. Such testimony would be highly relevant to the case before this Court, as CUMIS certainly would have been asking Mr. McGrath about the nature of his fraud and the manner in which it was committed and concealed for five years. Suffolk has itself obtained an affidavit from Mr. McGrath and has turned that document over to CUMIS in discovery. CUMIS has no valid basis to withhold testimony from the same witness. Additionally, since CUMIS handled all of the credit unions' claims together, the testimony of CUMIS personnel from the other cases is squarely relevant here. We respectfully ask this Court to order the production of all such documents.

Finally, given CUMIS's position in this case that Mr. McGrath and CU National were not acting in their capacity as "servicing contractors" as that term is defined in the applicable Credit Union Bond, Suffolk is entitled to production of documents concerning any other claims made on account of losses alleged to have been caused by servicing contractors (Suffolk's Third Request For Production, Request No. 7). We respectfully ask this Court to order the production of all such documents.

FRANKFURT KURNIT KLEIN & SELZ PC

The Honorable Magistrate Judge E. Thomas Boyle
August 3, 2011
Page 3

We thank the Court for its consideration.

Respectfully submitted,

Patrick J. Boyle

cc: All Counsel of Record (by ECF)