

ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY  10004-2400
*www.sedgwicklaw.com*   212.422.0202  *phone*   212.422.0925  *fax*

*arthur.aizley@sedgwicklaw.com*
*michael.davisson@sedgwicklaw.com*
*valerie.rojas@sedgwicklaw.com*

March 19, 2012

*Via Electronic Court Filing*
The Honorable Arthur D. Spatt
U.S. District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722

Re: *Suffolk Federal Credit Union v. CUMIS Ins. Society, Inc.*
       2:10-CV-00001 (ADS-ETB)

Dear Honorable Judge Spatt:

Pursuant to the Court's Individual Motion Practices, defendant CUMIS Insurance Society, Inc. ("CUMIS") requests a pre-motion conference for a motion for summary judgment.  For the reasons set forth below, CUMIS is entitled to summary judgment on all of the claims brought by Plaintiff Suffolk Federal Credit Union ("Suffolk"), or in the alternative partial summary judgment with respect to certain of Suffolk's alleged damages.

This case concerns coverage under a Credit Union Bond (the "Bond") for the unauthorized sale of 189 Suffolk loans by U.S. Mortgage Corporation ("U.S. Mortgage"), parent company of CU National, LLC (CU National), to the Federal National Mortgage Association (Fannie Mae).  Suffolk claims coverage under the "Employee or Director Dishonesty" and "Forgery and Alteration" provisions of the Bond.

The fundamental pre-condition to any employee dishonesty claim, even before consideration of causation, is that an "employee" committed a dishonest or fraudulent act.  In other words, question number 1 for determining coverage, before all others, is whether an "employee" committed a dishonest or fraudulent act, and question number 2 is whether the loss resulted directly from the employee's alleged dishonest conduct.  The general rule is that third party vendors are <u>not</u> employees under the Bond.  The Bond states that "unless specifically listed… 'employee' does not mean… independent contractors…"  Suffolk relies on a narrow exception to this rule by arguing that CU National was a "servicing contractor," which can be an employee under certain circumstances.  The Bond defines "Servicing contractor" as "any person or entity duly authorized by you to perform any of the following services and *only while performing such services*:"  The "only while performing" language defines servicing contractors by function so that one is a servicing contractor *only while* performing a discrete activity specified in the Bond.  Since selling loans is not a servicing function under the Bond, an "employee" did not commit a dishonest act because any dishonest act occurred when U.S. Mortgage was selling loans and <u>not</u> "while performing" a servicing contractor function.

LA/1156790v3

Case 2:10-cv-00001-ADS-ETB   Document 70   Filed 03/19/12   Page 2 of 2 PageID #: 1290

The Honorable Arthur D. Spatt
Re: Suffolk Federal Credit Union v. CUMIS Ins. Society, Inc./Case No. 2:10-CV-00001 (ADS-ETB)
March 19, 2012
Page 2

Suffolk argues that its loss was caused by a servicing contractor because CU National serviced loans and "covered up" the U.S. Mortgage scheme by providing false servicing reports. However, Suffolk's argument puts the cart before the horse, jumping to the issue of causation (question #2) before first establishing that an "employee" committed a dishonest act. A vendor cannot wear two hats, in any given situation it is either a servicer or a non-employee depending on what it is doing at that time. When selling loans, U.S. Mortgage could not wear its servicer/employee hat because selling loans is not an enumerated servicing function. Accordingly, Suffolk's discussion of causation is irrelevant because it does not establish the first precondition for employee dishonesty, a dishonest act by an *employee*.

At least one court has held that the limiting, "while actually performing" language in the definition of "servicing contractor", unambiguously limits coverage "for the defaults of a servicing contractor to those instances in which the servicing contractor is actually collecting monies, recording the collections, and performing related acts." *North Jersey Sav. and Loan Ass'n v. Fidelity and Deposit Co. of Maryland*, 283 N.J.Super. 56, 73, 660 A.2d 1287 (N.J.,1993). Suffolk may cite to a recent District Court opinion in New Jersey for a matter brought by another credit union against CUMIS for losses arising from the CU National scenario. However, the facts of the New Jersey case are distinguishable from the present case and the opinion is not binding on this Court. Moreover, as discussed above, the decision incorrectly accepted Suffolk's causation argument without first addressing the employee issue.

There is also no coverage for Suffolk's alleged loss as a "Forgery and Alteration." In this case, there was no forgery because officers of U.S. Mortgage signed the sale documents in their own name, and not others', only falsely representing their titles. Additionally, no "instrument" was ever altered because U.S. Mortgage itself created the sale documents, and thus did not alter any existing instrument.

CUMIS, in the alternative, seeks a motion for partial summary judgment on the issues of damages. Specifically, CUMIS maintains that Suffolk's claim represents a single loss. However, if Suffolk is correct that each loan is a separate loss, then CUMIS may deduct the $25,000 deductible for each loan from Suffolk's damages. Similarly, CUMIS is entitled to offset Suffolk's loss by the entire amount that Suffolk received from Fannie Mae, including the interest portion of the payment, as well all monthly "payments" CU National remitted to Suffolk, including "interest," after U.S. Mortgage sold the loans. Lastly, Suffolk is not entitled to attorneys' fees as its argument for attorney's fees is premised on a narrow rule regarding attorneys' fees in duty to defend cases. *See, Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12 (N.Y. 1979). *Mighty Midgets*, however, is limited to duty to defend cases as subsequent decisions have made clear. *Employers Mut. Cas. Co. v. Key Pharmaceuticals*, 75 F.3d 815 (2nd Cir., 1996). The duty to defend is not at issue and therefore Suffolk is not entitled to attorneys' fees.

Respectfully Submitted,

/s/Arthur H. Aizley

Arthur H. Aizley
Michael R. Davisson
Valerie D. Rojas
Sedgwick, LLP

Cc: Counsel of Record via *Electronic Filing System*

LA/1156790v3