

ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY   10004-2400
*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*

*arthur.aizley@sedgwicklaw.com*
*michael.davisson@sedgwicklaw.com*
*valerie.rojas@sedgwicklaw.com*

July 10, 2012

*Via Electronic Court Filing*
The Honorable Arthur D. Spatt
U.S. District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722

Re: *Suffolk Federal Credit Union v. CUMIS Ins. Society, Inc.*
    2:10-CV-00001 (ADS-ETB)

Dear Judge Spatt:

Defendant CUMIS Insurance Society, Inc. ("CUMIS") writes in response to Plaintiff Suffolk Federal Credit Union's ("Suffolk") letter dated July 2, 2012, concerning the fact that CUMIS' Rule 56. 1 Statement filed in support of its Motion for Summary Judgment or Partial Summary Judgment ("CUMIS' Motion"), and CUMIS' Response to Suffolk's Rule 56.1 Statement filed in opposition to Suffolk's Motion for Partial Summary Judgment (collectively referred to as CUMIS' "Rule 56.1 Statements"), include slight variations from the Rule 56.1 Statements CUMIS submitted in support of the parties' request for a pre-motion conference. Suffolk contends that this was an "apparent violation" of this Court's rules concerning summary judgment motions and therefore, CUMIS' Rule 56.1 Statements should be rejected. However, the rules governing summary judgment motions do not appear to prohibit CUMIS from filing Rule 56.1 Statements which contain immaterial deviations from CUMIS' Rule 56.1 Statements submitted with the parties' requests for a pre-motion conference. Further, CUMIS' Rule 56.1 Statements have not prejudiced Suffolk because the deviations are minor, do not materially change the issues raised by CUMIS at the pre-motion conference, and Suffolk had an opportunity to respond to CUMIS' Rule 56.1 Statement filed in support of CUMIS' Motion.

First, this Court's rules concerning motions for summary judgment provide that a party must request a pre-motion conference and prior to the pre-motion conference, "[a]ny party wishing to make a motion for summary judgment must first serve upon all parties a statement pursuant to Local Civil Rule 56.1 ("Rule 56.1") setting forth those items on which there is no material issue of fact." Individual Motion Practices of Judge Arthur D. Spatt ("Motion Rules"), IV.D.(i). The Motion Rules further provide that, "[f]ollowing the pre-motion conference, if the movant decides to make a motion for summary judgment, the Court will provide a briefing schedule for the parties." Motion Rules, IV.D.(iii). The Motion Rules do not absolve the parties of the requirement to file a statement pursuant to Local Civil Rule 56.1, and the Motion Rules do not indicate that a party is bound by, or required to file, the same Rule 56.1

LA/1395237v1

The Honorable Arthur D. Spatt
Re: Suffolk Federal Credit Union v. CUMIS Ins. Society, Inc./Case No. 2:10-CV-00001 (ADS-ETB)
July 10, 2012
Page 2

Statement submitted with its request for a pre-motion conference (which is obviously prepared before it is required to file a brief and before the parties participate in the pre-motion conference).

Moreover, the Rule 56.1 Statement CUMIS filed in support of its motion for partial summary judgment is not materially different, and did not change the issues previously addressed in the Rule 56.1 Statement CUMIS submitted for purposes of the pre-trial conference (unlike Suffolk's second Motion for Partial Summary Judgment belatedly filed on June 22, 2012). Specifically, CUMIS added or corrected Bond language to previously cited Bond sections (i.e., including the entire definition of "employee", removing the word "improper" from the Employee or Director Dishonesty coverage section, etc.) in response to Suffolk's objections that CUMIS did not cite to entire Bond sections (but rather, cited to pertinent portions of the relevant Bond sections) or included a typo. CUMIS also added ten phrases and sentences to previously cited facts which simply expand upon or provide further explanation of the evidence previously cited, and 6 "new" facts and evidence which describe how Suffolk's loss occurred – facts and evidence provided by Suffolk and certainly not new to Suffolk. (Although Suffolk only complains that CUMIS omitted one fact and expanded upon 6 previously cited facts.) These additional factual statements were added in response to Suffolk's objections or to provide further details of the fact or evidence previously cited.

These same facts and evidence were also included in CUMIS' Response to Suffolk's Rule 56.1 Statement filed in opposition to Suffolk's Motion for Partial Summary Judgment ("Response"). Suffolk erroneously claims that CUMIS added 79 new facts to its Response. However, a review the Response reveals that CUMIS added only 27 facts, and simply renumbered the facts consecutively for ease of reference. Moreover, the facts that were included (with the exception of 2), were previously cited in CUMIS' Rule 56.1 Statement in support of CUMIS' motion such that Suffolk was aware that such facts would be at issue in the parties' motions.

Nonetheless, Suffolk claims in conclusory fashion that "Suffolk has been unfairly prejudiced" by CUMIS' Rule 56.1 Statements. Suffolk makes this statement without offering any explanation concerning how it has been prejudiced. This is likely because Suffolk cannot seriously claim that it has been prejudiced by the additional facts and evidence in CUMIS' Rule 56.1 Statements because the modifications were minor, the facts and evidence cited by Suffolk were previously known to Suffolk, and the modified facts simply expand upon and provide further details of the facts and evidence previously cited. Moreover, Suffolk has had an opportunity to respond to the Rule 56.1 Statements either in its Response to CUMIS' Rule 56.1 Statement or in its Reply Brief in support of its own motion. *McAnaney v. Astoria Financial Corp.*, 2007 WL 2702348, * 1, fn. 1 (E.D.N.Y.) [party's Amended Rule 56.1 Statement permitted and no prejudice to opposition party because party "had an opportunity to respond to the assertions"]. Further, contrary to Suffolk's assertions, there is no confusion concerning which Rule 56.1 Statements CUMIS relies upon in support of its motion and in support of its opposition to Suffolk's motion because CUMIS filed the Rule 56.1 Statements it will rely upon with its moving and opposing papers as required by Local Rule 56.1.

Notwithstanding the fact that CUMIS' modifications to its Rule 56.1 Statements are not material and that Suffolk has not been prejudiced, in the event this Court is inclined to agree with Suffolk, CUMIS

LA/1395237v1

The Honorable Arthur D. Spatt
Re: Suffolk Federal Credit Union v. CUMIS Ins. Society, Inc./Case No. 2:10-CV-00001 (ADS-ETB)
July 10, 2012
Page 3


respectfully requests that it be permitted to amend its Rule 56.1 Statements so that this matter may be fully adjudicated on the merits. *Id*. [Local Rule 56.1 does not prohibit amendment of Local Rule 56.1 Statements].

Respectfully Submitted,

/s/Arthur H. Aizley

Arthur H. Aizley
Michael R. Davisson
Valerie D. Rojas
Sedgwick, LLP

Cc: Counsel of Record via *Electronic Filing System*